UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CRIMINAL ACTION NO. 03-05-DLB

UNITED STATES OF AMERICA,                                                    PLAINTIFF

V.                    **MAGISTRATE JUDGE'S**
                      **REPORT AND RECOMMENDATION**

JOHN F. WRIGHT                                                               DEFENDANT

## I. INTRODUCTION

The Defendant, John F. Wright, brings this *pro se* action pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct the revocation of his supervised release in Ashland Criminal Action 03-05-DLB. [R. 131]. Consistent with local practice, the action is before the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B). For the reasons stated herein, the Court recommends that the Defendant's Motion to Vacate, Set Aside, or Correct Sentence [R. 131] be DENIED.

## II. PROCEDURAL HISTORY

On October 2, 2003, the Defendant was indicted for multiple counts related to stolen postal money orders. [R. 7]. The Defendant entered a plea of guilty to Count 3 of the indictment [R. 33], and on April 19, 2004, he was sentenced to nine (9) months confinement, to be followed by three (3) years of supervised release. [R. 52]. On April 20, 2007, the Defendant appeared before United States District Judge David L. Bunning for a final revocation hearing. In lieu of revoking the Defendant's supervised release, the Defendant was ordered to serve six (6) months of home detention with electronic monitoring. [R. 102].

The matter is currently before the Court in relation to the Defendant's second violation of supervised release. On January 28, 2008, the Defendant appeared before the undersigned for a final revocation hearing regarding alleged violations of his terms of supervised release. [Rs. 110, 113]. After the hearing, the undersigned entered a Report and Recommendation [R. 119] finding that the Defendant had violated two terms of his supervision: (1) "[t]he defendant shall not commit another federal, state or local crime; and, (2) "[t]he defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." [Id. at 5]. The undersigned recommended that the Defendant's supervised release be revoked, and that he be sentenced to a term of 24 months, with no supervised release to follow. [Id. at 6]. The recommendation was adopted by Judge Bunning in an order dated March 17, 2008. [R. 127]. The Defendant did not appeal the revocation of his supervised release, though he claims that he requested that his appointed counsel file an appeal. [R. 131 at 2; 145 at 2].

On August 14, 2008, the Defendant filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [R. 131]. The Defendant alleges that he is entitled to a reduction in his sentence, as the Court should have granted credit for time served on a state sentence, and that the Court improperly found that he had committed a Grade A violation. [See R. 145 at 1-2]. The United States, in addition to responding to the merits of the Defendant's arguments, asserts that the Defendant's claims are procedurally defaulted. [R. 141].

### III.  ANALYSIS

When considering a motion to vacate under 28 U.S.C. § 2255, a federal district court should not normally entertain claims that are procedurally defaulted. See Reed v. Farley, 512 U.S. 339, 354-55 (1994). In the present case, the Defendant failed to file an appeal from the district court's

judgment revoking his supervised release. [R. 131 at 2]. If the Defendant wanted to challenge his sentence, the law requires that he file a direct appeal. See United States v. Walsh, 733 F.2d 31, 35 (6th Cir. 1984). It is well-established that a motion under § 2255 may not take the place of a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); see also, United States v. Addonizio, 442 U.S. 178, 184-85 (1979). As the Defendant filed no appeal of his sentence, all of the claims presented in his motion to vacate are procedurally defaulted.

The Defendant urges that the Court should consider his claims despite his failure to file an appeal. [R. 145]. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually' innocent." Bousley v. United States, 523 U.S. 614, 622 (1998). The Defendant does not allege actual innocence, and it clearly does not apply to the Defendant's arguments. However, the Defendant claims that he requested that his attorney file an appeal, and that his attorney refused to do so. [R. 145 at 2]. The Court is required to liberally construe the Defendant's claims, and this allegation is construed as asserting cause and prejudice based on counsel's failure to file a direct appeal. Ratliff v. United States, 999 F.2d 1023, 1026 (6th Cir. 1993).

The Defendant's statements are the only direct evidence in the record regarding whether the Defendant requested that his counsel file an appeal. An attorney's failure to file an appeal of an erroneous sentence, *which would have been subject to reversal on appeal*, constitutes ineffective assistance of counsel and would "clearly constitute cause for [Defendant's] failure to appeal." Id. Assuming, for present purposes only, that the Defendant actually requested that counsel file an appeal, and counsel declined, the Defendant has made a facially valid showing of "cause" for his

3

failure to appeal. However, the Defendant's procedural default will not be excused because he is unable to prove that any "actual prejudice" occurred due to counsel's refusal to file an appeal.

Actual prejudice would exist only if the Defendant was erroneously sentenced. Upon review, the sentence imposed by the District Court was not erroneous. The Defendant's primary argument is that he should have been credited with time that he served on a state sentence, which was vacated on appeal by the Ohio Court of Appeals. [R. 131 at 4]. However, the applicable law does not support this contention. Under 18 U.S.C. § 3585(b), the sentencing court does not have authority to credit the Defendant with time served on the prior state sentence; rather, any credit for time served must be determined by the Attorney General and the Bureau of Prisons after the Defendant begins serving his sentence. See United States v. Wilson, 503 U.S. 329 (1992); see also, McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993); United States v. Banis, 2008 WL 2228949 (W.D. Ky. May 29, 2008). Therefore, the district court did not err by failing to credit the Defendant with time served at the time of sentencing. The Defendant's other argument is that he should not have been sentenced to a Grade A violation for being charged with felonious assault in Ohio, because the district court found that it was a "crime of violence," but did not find that the charge carried a term of imprisonment of more than one year. [R. 131 at 5]. This argument is completely without merit, as felonious assault is a crime of violence that carries a sentence of more than one year. See Ohio Rev. Code Ann. §§ 2903.11(A)(2), 2929.14.

The Defendant's claims are procedurally defaulted due to his failure to pursue a direct appeal of his sentence. Furthermore, he has failed to demonstrate cause and actual prejudice to excuse his procedural default.

4

## IV. CONCLUSION

Accordingly, and for the reasons stated above, it is hereby recommended that the Defendant's Motion to Vacate, Set Aside, or Correct [R. 131], be DENIED.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived.  United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002).  General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal.  Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).  A party may file a response to another party's objections within ten (10) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P 72(b).

Signed August 20, 2009.



**Signed By:**
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**